IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEROY YUMAN, IV                           *

     Plaintiff,                          *

v.                                        *        Civil Action No. GLR-16-3666

DORCHESTER DETENTION CENTER,              *

     Defendant.                          *

## MEMORANDUM OPINION

On November 7, 2016, Leroy Yuman, IV, an inmate housed at the Roxbury Correctional Institution in Hagerstown, Maryland, filed a 42 U.S.C. § 1983 Complaint seeking unspecified compensatory relief. (ECF No. 1). Yuman alleges that while housed at the Dorchester County Detention Center ("DCDC") in 2015, he slipped and fell in a puddle of "stagnant shower water" and sustained a bad cut to his foot when he "struggled to pull [his] foot from under the shower door." (Id. at 3). Yuman claims that there were no signs placed in the area stating "caution, wet floor." (Id.). Moreover, he alleges it took 45 minutes for medical personnel to decide his foot required stitches. (Id.). Yuman contends that during this time, he was "bleeding a lot" and was "in extreme pain." (Id.). Yuman filed his Complaint with a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which the Court will grant.

The court observes that Yuman has named DCDC as the sole Defendant. This entity is a free-standing prison facility, which is not a "person" subject to suit under 42 U.S.C. § 1983. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Consequently, the Court will dismiss Yuman's Complaint.

Further, even if Yuman had named a person amendable to suit under § 1983, the Court finds Yuman's allegations set out no constitutional violations. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n.3

(1979)).  To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation was committed by a "person" acting under color of state law.  42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citation omitted).

Yuman's allegation that there was no caution sign in the shower area is, at best, a negligence claim.  Such claims are not actionable under § 1983.  See Daniels v. Williams, 474 U.S. 327, 328–336 (1986).  To the extent Yuman alleges DCDC personnel violated his constitutional rights by failing to provide medical care, his Complaint also fails.  In the Fourth Circuit, to prove a claim of failure to provide medical care under § 1983, a pretrial detainee is required to prove the officials involved exhibited a deliberate indifference to the detainee's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  For an act or omission to rise to the level of deliberate indifference, it "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness [and] may be demonstrated by either actual intent or reckless disregard."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  The Court finds as a matter of law that taking 45 minutes to determine Yuman needed stiches does not shock the conscience.

Accordingly, for the reasons outlined above, the Court will DISMISS Yuman's Complaint without prejudice.  A separate Order follows.

Entered this 28th day of November, 2016

/s/
_____
George L. Russell, III
United States District Judge